UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SARAH MAZZARINO as co-executor of the ESTATE OF JEANNIE R. TOOLE, | : : : | | |
| Plaintiff, | : : | Civil Action No.: | 13-322 (RC) |
| v. | : : | Re Document No.: | 5 |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and THE DELTA AIR LINES, INC., OPTIONAL INSURANCE PLAN, | : : : : : | | |
| Defendants. | : | | |

**<u>MEMORANDUM OPINION</u>**

GRANTING THE DEFENDANT'S MOTION TO TRANSFER

**I. INTRODUCTION**

This matter comes before the court on the defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Plaintiff, as co-executor of the Estate of Jeannie R. Toole, filed this case against defendants Prudential Insurance Company of America and the Delta Air Lines, Inc., Optional Insurance Plan, seeking review of a denial of a claim for accidental death benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants have moved to transfer this matter to either the United States District Court for the District of New Jersey or the District of Utah. Plaintiff opposes defendants' motion on the grounds that venue is proper in this district and that the interests of justice do not favor transfer. For the reasons discussed below, the Court grants the defendants' motion to transfer the case to the United States District Court for the District of New Jersey.

## II.  FACTUAL BACKGROUND

Sarah Mazzarino ("the plaintiff") is a resident of Salt Lake City, Utah and co-executor of the Estate of Jeannie R. Toole. Compl. (Dkt. No. 1) ¶ 5. Defendants are the Prudential Insurance Company of America and the Delta Air Lines, Inc., Optional Insurance Plan ("the defendants"). Prudential serves as the claims administrator and insurer for accidental death and dismemberment benefits under the Delta Air Lines, Inc., Optional Insurance Plan ("the plan"). Defs.' Answer to Comp. (Dkt. No. 3) ¶ 7 ("Defs.' Answer"). Prudential is headquartered in Newark, New Jersey; the plan is administered there, as well. Decedent, who was an employee of Delta Air Lines, died on March 8, 2011. Compl. (Dkt. No. 3) ¶ 10; Def.'s Mot. to Transfer Venue, (Dkt. No. 5) Ex. 1 ("Defs.' Mot."). Plaintiff subsequently filed a claim, on behalf of herself and her siblings, for accidental death benefits under the plan. Compl. (Dkt. No. 1) ¶ 12. Defendants denied the claim on May 27, 2011. Compl. (Dkt. No. 1)  ¶ 13, Defs.' Answer (Dkt. No. 3)  ¶ 13. The plaintiff filed two subsequent appeals on October 19, 2011 and March 15, 2012. Compl. (Dkt. No. 1) ¶¶ 14, 16; Defs.' Answer (Dkt. No. 3) ¶¶ 14, 16. Defendants denied both appeals. *Id.* The plaintiff filed a further response on July 24, 2012, which did not result in payment of the claim. Compl. (Dkt. No. 1)  ¶ 18, Defs.' Answer (Dkt. No. 3) ¶ 18.  The plaintiff, having exhausted all appeals under the plan, filed suit in this court seeking review of defendant Prudential's denial of her claim for accidental death benefits. Compl. (Dkt. No. 1)  ¶¶ 19, 23; Defs.' Answer (Dkt. No. 3) ¶¶ 19. Defendant has filed a Motion to Transfer Venue to the United States District Court for District of New Jersey or the District of Utah on the grounds that the convenience of the parties, along with the interest of justice, will be served by a transfer to either venue. 28 U.S.C. § 1404(a); Defs.' Mot. (Dkt. No. 5) at 1, 3.

## III.  ANALYSIS

### A. Legal Standard for Venue under ERISA, 29 U.S.C. § 1132(e), and Transfer Pursuant to 28 U.S.C. § 1404(a)

Defendants request that the court transfer this matter to the United States District Court for the District of Utah or the District of New Jersey for the convenience of the parties pursuant to 28 U.S.C. 1404(a). Section 1404(a) authorizes a district court to exercise its discretion in adjudicating motions to transfer on case-by-case considerations of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000). The burden is on the moving party to establish that transfer under 1404(a) is proper. *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008); *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006).

In an action brought under ERISA, a defendant seeking transfer of venue has the additional burden of overcoming ERISA's special venue provision. 29 U.S.C. § 1132(e)(2); *Int'l Painters & Allied Trades Indus. Pension Fund v. Painting Co.*, 569 F. Supp. 2d 113, 117–18 (D.D.C. 2008); *Flynn v. Veazey Const. Corp.*, 310 F. Supp. 2d 186, 193 (D.D.C. 2004). Section 1132(e)(2) specifies that venue is appropriate "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." 29 U.S.C. § 1132(e)(2). ERISA's venue provision "has been interpreted to authorize nationwide service of process." *Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F. Supp. 2d 156, 170–71 (D.D.C. 2003) (internal citations omitted). "Where Congress has authorized nationwide service of process, a federal court may exercise personal jurisdiction over any United States resident, without regard to whether its sister state court could assert jurisdiction under minimum contacts principles." *Id.* (quoting *Combs v. Adkins & Adkins Coal Co.*, 597 F. Supp. 122, 125 (D.D.C. 1984)). Under a

nationwide service of process provision, minimum contacts with the United States suffice. *S.E.C. v. Bilzerian*, 378 F.3d 1100, 1106 n. 8 (D.C. Cir. 2004).

To succeed on a motion to transfer, the moving party must first establish that the action could have originally been brought in the proposed transferee district. 28 U.S.C. § 1404(a); *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006); *see also DeLoach v. Philip Morris Co.,* 132 F. Supp. 2d 22, 24 (D.D.C. 2000). Second, the movant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer. *See, e.g.*, *Pueblo v. Nat'l Indian Gaming Comm'n*, 731 F. Supp. 2d 36, 39 (D.D.C. 2010); *Veney v. Starbucks Corp.*, 559 F. Supp. 2d 79, 82 (D.D.C. 2008). In evaluating a motion to transfer, a court may weigh several private- and public-interest factors. *Sheffer v. Novartis Pharmaceuticals Corp.*, 873 F. Supp. 2d 371, 375 (D.D.C. 2012) (citing *Trout Unlimited v. U.S. Dept. of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)). The private-interest considerations include: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of witnesses; and (6) ease of access to sources of proof. *Sheffer*, 873 F. Supp. 2d at 375; *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008). Public interest considerations include: (1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home. *Onyeneho*, 466 F. Supp. 2d at 3; *Airport Working Group of Orange Cnty., Inc. v. U.S. Dep't of Def.*, 226 F. Supp. 2d 227, 229 (D.D.C. 2002) (internal citations omitted). If the balance of private and public interests favors a transfer of venue, then a court may order a transfer. *Sheffer*, 873 F. Supp. 2d at 375 (citing *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008)).

**B. The Court Grants the Motion to Transfer**

Despite Prudential's motion to transfer this case to either the U.S. District Court for the District of Utah or the District of New Jersey, the Court will only consider the motion to transfer to New Jersey. Neither party has stated a preference between the two proposed transferee districts, and the defendants offer less evidence for the convenience of Utah than New Jersey. *See Virts v. Prudential Life Ins. Co.*, No. 13-320 (JDB), 2013 WL 2994872, at *2 (D.D.C. June 18, 2013) (selecting one of two possible transferee district proposed by defendants).

The plaintiff contends that venue is properly laid in this district under the § 1132(e) prong authorizing an ERISA plaintiff to lay venue "where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). As the plan is administered in New Jersey and the alleged breach did not take place in the District of Columbia, the plaintiff asserts venue is proper in this district solely on the basis that Prudential has sufficient "minimum contacts" to be found here. Pl.'s Opp'n (Dkt. No. 6) at 5–6. Defendants concede this point.[1] Nevertheless, a court is still authorized to transfer a matter despite the ERISA venue statute if it finds that transferring to another district would be "[f]or the convenience of parties and witnesses, in the interest of justice" under 28 U.S.C. § 1404(a). *See Nat'l Air Traffic Controllers Ass'n v. Dental Plans, Inc.*, 407 F. Supp. 2d 1, 2–3 & n. 2 (D.D.C. 2005). The defendants assert that this matter should be transferred to the District of New Jersey, as the plan is administered at Prudential's headquarters in Newark and certain relevant documents are located there. Defs.' Mot. (Dkt. No. 5) at 3; Defs.' Reply (Dkt. No. 7) at 3 n. 2. The plaintiff counters that she is entitled to deference to her choice of forum under ERISA's special venue provision and defendants have failed to meet their burden of

---

[1] Defs.' Reply (Dkt. No. 7) at 1 ("There is no question that this case can be litigated in the District of Columbia."); *id.* at 5 ("Defendants do not argue that the District Court does not have jurisdiction.").

establishing that transfer is warranted. Pl.'s Opp'n (Dkt. No. 6) at 10, 14. Thus, a fact-specific analysis of whether transferring this matter would serve the interest of justice is in order.

The threshold inquiry in a § 1404(a) analysis is whether the action could have originally been brought in the proposed transferee district. 28 U.S.C. § 1404(a). That test is satisfied here under ERISA's venue provision, which authorizes an ERISA plaintiff to bring suit in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Newark, New Jersey is the location of Prudential's headquarters and primary place of business; the plan at issue is also administered there. Def.'s Mot. (Dkt. No. 5) at 4. Having met this test, a court next considers whether considerations of convenience and the interest of justice weigh in favor of transfer.

### 1. Private Interest Factors

#### a) Plaintiff's Choice of Forum

When evaluating a 1404(a) motion to transfer in an ERISA case, a plaintiff's choice of forum is ordinarily entitled to deference. *See Gross v. Owen*, 221 F.2d 94, 95 (D.C. Cir. 1955); *accord Int'l Painters & Allied Trades Indus. Pension Fund v. Tri-State Interiors, Inc.,* 357 F. Supp. 2d 54, 55–56 (D.D.C. 2004). This is especially so when the plaintiff brings suit in the fund's home district. *Fanning v. Capco Contractors, Inc.*, 711 F. Supp. 2d 65, 69–70 (D.D.C. 2010) (noting that "by allowing the action to occur in the district where the plan is administered, the special venue provision makes collection efforts efficient, economical, and inexpensive for ERISA funds, fulfilling Congress's intent to protect the financial integrity of such funds"). This deference, however, is not absolute, and a court is not prohibited from granting a transfer under ERISA's venue statute. *Fanning v. Trotter Site Preparation, LLC*, 668 F. Supp. 2d 60, 63 (D.D.C. 2009). Further, "[c]ourts have utilized diminished consideration [of a plaintiff's choice]

when the chosen forum has no meaningful ties to the controversy and no particular interest in the parties or their subject matter." *Gibson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149, 157 (D.D.C. 2008) (internal quotations omitted); *see also Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 80 (D.D.C. 2009) (noting "if a plaintiff is not a resident of the forum and most of the relevant events occurred elsewhere, this deference is weakened") (internal quotations omitted).

      The defendants claim that allowing this case to proceed in the District of Columbia would "encourage flagrant forum shopping." *See* Defs.' Mot. (Dkt. No. 5) at 9. The plaintiff counters that the ERISA venue statute authorizes nationwide service of process over a defendant, and thus she properly served and obtained jurisdiction over the defendants in the District of Columbia. *See* Pl.'s Response to Defs.' Notice of Supplemental Authority (Dkt. No. 9–1) at 3–5. The plaintiff is technically correct, but the only tie between this case and the District of Columbia is this Court's jurisdiction over defendant Prudential. But, due to Prudential's nationwide business activities, jurisdiction would likely exist in most if not all districts across the country. This does pose a serious risk of forum shopping, as a plaintiff may select one district "to obtain or avoid specific precedents." *See Schmid Laboratories, Inc. v. Hartford Accident & Indemnity Co.*, 654 F. Supp. 734, 736 (D.D.C. 1986) (noting that "the transfer provisions in the U.S. Code, which grew out of the common law doctrine of forum non conveniens, were in part intended to prevent forum shopping"). Under a statute establishing national service of process, a court should be vigilant to possible forum shopping, especially when the underlying case has little or no connection to the district in which it sits. The Court is not specifically aware that the plaintiff is seeking to obtain a favorable precedent by suing Prudential in this district. Nevertheless, 28 U.S.C. § 1404(a) authorizes a court to transfer a case based on the convenience of the parties and the interests of justice to avoid such concerns and to allow a case to proceed in a more

appropriate venue—i.e. one with a greater connection to the underlying facts and claims in the case.

Here, it is apparent that the parties, facts, and claims in this case lack any significant connection to the District of Columbia. The plaintiff resides in Utah, the alleged breach occurred in Utah, and the plan is administered in New Jersey. The plaintiff is not bringing suit in the fund's home district. The plaintiff's only tie to this district is the location of her counsel.[2] Yet "[t]he location of counsel carries little, if any, weight in an analysis under § 1404(a)." *McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 40 (D.D.C. 2003) (internal quotations omitted). Thus, the factors that typically cause a court to accord deference to a plaintiff's choice of forum are neutralized here because this case has no ties to this district. Consequently, plaintiffs' choice of forum is not entitled to deference and this factor weighs in favor of transfer.

### b) Defendant's Preferred Forum

A defendant's preferred forum is a factor to be considered when evaluating a motion to transfer venue under 28 U.S.C. § 1404(a). *Sheffer v. Novartis Pharm. Corp.*, 873 F. Supp. 2d 371, 376 (D.D.C. 2012). Here, defendant Prudential has a substantial connection to its chosen forum of New Jersey. Its principle place of business is there and the plan is administered there, as well. This Court has deemed the locus of a defendant's principal place of business in the transferee district as a valid reason for granting transfer. *See Virts*, 2013 WL 2994872, at *4 (citing *Bergmann v. Dep't of Transp.*, 710 F. Supp. 2d 65, 74 (D.D.C. 2010)). "In addition, the weight of a defendant's choice of forum may be strengthened when the weight of the plaintiff's choice is comparatively weak." *Id.* (citing *Turner & Newall, PLC v. Canadian Universal Ins.*

---

[2] In fact, plaintiff's counsel is located in the District of Maryland and it is unclear why he chose to file this case in this District, rather than the District of Maryland, if an attempt to obtain favorable precedent played no role in his decision.

*Co.*, 652 F. Supp. 1308, 1310 (D.D.C. 1987)). Here, the plaintiff is not a resident of this district. None of the underlying events giving rise to this claim took place in or around the District of Columbia. Prudential, on the other hand, has "legitimate reasons" for preferring the District of New Jersey, as it has its headquarters and administers the plan there. *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 129 (D.D.C. 2001). Thus this factor weighs slightly in favor of transfer.

### c) Convenience of the Parties

In order for the burden suffered by a party from litigating in a particular forum to weigh in favor of transfer, litigating in the transferee district must not merely shift inconvenience to the non-moving party; instead, it should lead to increased convenience overall. *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 771 F. Supp. 2d 42, 48 (D.D.C. 2011); *Kotan v. Pizza Outlet, Inc.*, 400 F. Supp. 2d 44, 50 (D.D.C. 2005).  New Jersey is clearly more convenient for the defendants. The plaintiff has not argued that New Jersey would be more inconvenient for her; rather, the plaintiff has focused her arguments on why the District of Columbia is technically a proper venue under ERISA's venue statute. As established earlier, even if venue is proper under ERISA, a court is nevertheless authorized to order a transfer if the balance of convenience weighs in favor of transfer. *See Nat'l Air Traffic Controllers Ass'n*, 407 F. Supp. 2d at 2 & n. 2 (D.D.C. 2005). The plaintiff resides in Utah but has chosen to lay venue in the District of Columbia—a distance of over 1,800 miles. She thus assumes the burden of spending time and money to travel to this district for potential court appearances. Litigating her claim in New Jersey would be an increased inconvenience to the plaintiff, but only marginally so over litigating in the District of Columbia. Because New Jersey is more convenient for the defendants and only slightly more inconvenient for the plaintiff over the District of Columbia, the Court finds that

granting transfer would not merely shift convenience from one party to another but rather would result in a net increase in convenience for the parties. In light of these considerations, this factor weighs in favor of the New Jersey venue.

### d) Convenience of the Witnesses

Both parties agree that this case will entail a review of an administrative proceeding based on a claim record. Pl.'s Opp'n (Dkt. No. 6) at 4, 9; Def.'s Reply (Dkt. No. 7) at 3 n. 2. It is possible that no witnesses will be necessary.[3] *Id.* In the event that witnesses will be called, New Jersey would clearly be most convenient for the defendant's witnesses. The plaintiff's potential witnesses would only be slightly more inconvenienced by the necessity of traveling to New Jersey instead of the District of Columbia. To the extent that any witnesses will be necessary, this factor weighs towards transfer.

### e) Access to Sources of Proof

As this case will likely only involve review of a claim record during a summary proceeding, the Court is not greatly concerned with access to the sources of proof. *See, e.g.*, *Holland v. ACL Transp. Services, LLC*, 815 F. Supp. 2d 46, 58 (D.D.C. 2011) (noting "the location of documents has been made increasingly insignificant by the availability of electronic discovery").  But the plaintiff has indicated she might seek further discovery under a de novo review of the plan. *See* Pl.'s Opp'n (Dkt. No. 6) at 12; Def.'s Reply (Dkt. No. 7) at 3 n. 2. Because there is no assertion that any relevant documents are located in this district, however,

---

[3] Defendants raise the concern that plaintiff will seek de novo review of the claim record in this case, Defs.' Reply (Dkt. No. 7) at 3 n. 2, based on a citation in Plaintiff's opposition motion, *Doley v. Prudential Ins. Co. of America,* No. 05-0277(JR), 2008 WL 131192 (D.D.C. Jan. 8, 2008), that the plaintiff claims "established that the Defendants' plan language results in a de novo standard of review instead of the more favorable abuse of discretion review . . . ." Pl.'s Opp'n (Dkt. No. 6) at 12. Although this claim is somewhat speculative, it is certainly plausible if not likely. *See Lee v. Hartford Life & Accident Ins. Co.*, 11-2083(RC) (in which plaintiff's attorney served and vigorously pursued discovery in an ERISA case).

and Prudential states that the "bulk of discoverable information lies with Prudential" in New Jersey, this factor likewise tilts slightly in favor of transfer. *See* Defs.' Reply (Dkt. No. 7) at 3 n. 2.

## 2. Public Interest Factors

### a. Transferee's Familiarity With the Governing Laws

This case arises under ERISA, a federal statute that governs a wide variety of pension and employee benefit plans. The District Court for the District of New Jersey has decided many ERISA cases, and "all federal courts are presumed to be equally familiar with the law governing federal statutory claims." *Intrepid Potash-New Mexico, LLC v. U.S. Dep't of Interior*, 669 F. Supp. 2d 88, 98 (D.D.C. 2009). Thus, there is no concern about the transferee district's familiarity with the applicable law. This factor is neutral in the Court's analysis.

### b. Relative Congestion of the Courts

Neither party has introduced any evidence about the docket congestion of this district versus the District of New Jersey. But publicly available statistics indicate that this Court's docket is slightly more congested than the District of New Jersey. *See Virts*, 2013 WL 2994872, at *5.[4] While the plaintiff points out that this case will likely involve a summary proceeding based on the claim record, Pl.'s Response to Defs.' Notice of Supplemental Authority (Dkt. No. 9–1) at 9–10, there is the aforementioned possibility that further discovery will be sought. Either way, the relative congestion of this district compared to that of the District of New Jersey counsels modestly in favor of transfer.

---

[4] "If the case ends without trial, [the District of Columbia] averages a disposition time of 9.7 months, while the District of New Jersey averages a disposition time of 3.7 months. If the case does proceed to trial, [the District of Columbia] averages a disposition time of 50.3 months, while the District of New Jersey averages a disposition time of 32.3 months." *Id.*

11

### c. Local Interests in Deciding Local Controversies

The plan is administered in New Jersey and defendant Prudential has its principal place of business there. Thus, that district has more of a local interest in deciding this controversy than this one. This factor also weighs slightly in favor of transfer.

The court finds that, on balance, the balance of convenience and the interests of justice modestly weigh in favor of transferring this case to the United States District Court for the District of New Jersey.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants the defendants' motion to transfer this case to the District of New Jersey. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this the 25th day of July, 2013.

RUDOLPH CONTRERAS
United States District Judge